. POST PUBLISHING CO. v. BENNETT et al.    (No. 247/84.)

(Supreme Court, Appellate Division, Third Department.    November 11, 1914.)

1. JUSTICES OF THE PEACE (§ 103*)—JUDGMENT BY DEFAULT—INSUFFICIENCY OF ANSWER.

    Where, in an action in Justice's Court, the answer did not sufficiently deny any material allegation of the complaint, plaintiff was entitled to judgment on its verified complaint, served with the summons.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 344; Dec. Dig. § 103.*]

2. CORPORATIONS (§ 518*)—ACTIONS—ANSWER—DENIAL OF INCORPORATION.

    Under Code Civ. Proc. § 1776, providing that, in an action by or against a corporation, the existence of the corporation need not be proved, unless the answer is verified and contains an affirmative allegation that the plaintiff, or the defendant, as the case may be, is not a corporation, a denial of knowledge or information sufficient to form a belief as to plaintiff's incorporation did not put plaintiff to proof of its incorporation.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2028, 2086, 2087; Dec. Dig. § 518.*]

3. PLEADING (§ 120*)—ANSWER—SUFFICIENCY OF DENIAL.

    Where, in an action in Justice's Court to recover for publishing an advertisement at defendants' request, the complaint alleged that defendants were members of a copartnership, such allegation was unnecessary, and a denial that defendants were members of such partnership raised no material issue, as it did not deny that they promised to pay for the advertisement.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 244, 253, 254, 257, 258; Dec. Dig. § 120.*]

4. PLEADING (§ 8*)—CONCLUSIONS.

    Where, in an action to recover for publishing an advertisement at defendants' request, the complaint alleged that the agreed amount had not been paid, and that defendants were indebted therefor, a denial of the indebtedness was a denial of a conclusion of law, and raised no issue.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½, 68; Dec. Dig. § 8.*]

5. JUSTICES OF THE PEACE (§ .103*)—JUDGMENT BY DEFAULT—INSUFFICIENCY OF ANSWER.

    Where, in an action in Justice's Court, a defendant, not served with the summons and verified complaint, appeared by attorney, his failure to deny sufficiently any of the material allegations of the complaint constituted an admission of such allegations, and entitled plaintiff to judgment on the verified complaint.

    [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 344; Dec. Dig. § 103.*]

6. ATTORNEY AND CLIENT (§ 69*)—AUTHORITY—NECESSITY OF PROOF.

    Under Code Civ. Proc. § 2890, providing, relative to Justice's Court, that the justice shall not suffer a person to appear as attorney unless his authority is admitted by the adverse party, or proved by affidavit or oral testimony, an attorney's authority to appear for a defendant need not be sworn to, unless questioned by plaintiff.

    [Ed. Note.—For other cases, see Attorney and Client, Cent Dig. §§ 94–96, 108, 109; Dec. Dig. § 69.*]

Appeal from St. Lawrence County Court.

Action by the Post Publishing Company against James A. Bennett and others.    From a judgment of the County Court, reversing a judg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment in Justice's Court in favor of plaintiff, plaintiff appeals. Reversed, and judgment of the Justice's Court affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

E. H. Neary, of Gouverneur, for appellant.
Sturtevant & Abbott, of Gouverneur, for respondents.

SMITH, P. J.  The action was brought in Justice's Court to recover the consideration for an advertisement inserted by the plaintiff in its publication, as is alleged, at the request of the defendants, and the amount agreed upon was $44.40.  It is further alleged that the same has not been paid and that the defendants are indebted for the same. This complaint was verified, and was served with the summons upon defendants James A. Bennett and John E. Bennett, according to the return of the constable.  An answer appears in the case to have been made by Sturtevant & Abbott for all of the defendants, in which they deny knowledge or information sufficient to form a belief as to the plaintiff's incorporation, denying that at the time mentioned in the said complaint the defendants were and now are copartners under the firm name or style of Bennett & Sons Company, and deny that they are indebted to the plaintiff for the sum of $44.40, or any sum whatsoever. Three days before the trial the plaintiff served upon John E. Bennett a subpœna duces tecum, requiring the production of the books, papers, and articles of agreement of the Bennett & Sons Company, and all daybooks, ledgers, cashbooks, etc., and "the letter written to said Bennett & Sons Company by E. H. Neary, the attorney of plaintiff, bearing date March 19, 1913."  John E. Bennett refused to produce any of these papers or books specified in the subpœna duces tecum, on the ground that it had not been served five days before the trial, and in this refusal he was sustained by the justice.  E. H. Neary, the plaintiff's attorney, was sworn in behalf of the plaintiff.  In his testimony he swore that he wrote a letter to defendants, stating the claim in favor of plaintiff was in his hands for collection in the sum of $44.40, and demanding payment thereof.  He then swore that very soon thereafter he met the defendant James A. Bennett, and stated to him that such claim was in his hands, stating from whom and the amount, and asking him when it would be paid.  The defendant James A. Bennett replied, "John would send a check for it in a few days, and I know about it." The witness swore that he asked who composed the firm of Bennett & Sons Company, and that James A. Bennett refused to answer.  In the defense of the action, James A. Bennett, being sworn, said that he had the conversation with Neary; that Neary said to him that he had a claim to collect against the company, and that he replied that he knew nothing about it; that he had nothing to do with it, and that Neary asked who composed the company, and he swore he knew nothing about it, and told him that he himself was not a member of the company, and that he did not state to him to speak to John, and that John would send a check in a few days.  He also swore that he never was a member of the firm of James A. Bennett & Sons Company, "and am not now a member."

[1-6] Upon these pleadings plaintiff was clearly entitled to the judgment which the justice of the peace rendered. The denial of the incorporation is insufficient under section 1776 of the Code of Civil Procedure to put the plaintiff to proof of its incorporation. Defendants' denial that they were members of the copartnership of Bennett & Sons Company is not a denial that they promised to pay for this advertisement. It is a denial of matter unnecessarily averred by the plaintiff, and raised no material issue. The denial of the indebtedness was a denial of a conclusion of law, which is insufficient. As against the defendants served, the judgment was clearly right, and should have been affirmed. As against the defendant Lawrence M. Bennett, the judgment also was right. While he was not served with summons and verified complaint, he appeared by attorney in Justice's Court, and by the same attorneys who appeared for him in the County Court. While the authority of these attorneys to appear for him was not sworn to, it was not necessary that it should be, unless questioned by the plaintiff. Section 2890, Code of Civil Procedure. The failure upon his part, then, even though not served with the verified complaint, to deny any of the material allegations of the complaint, constitutes an admission of the allegations not denied.

The judgment of reversal should therefore be reversed, and judgment of the justice of the peace affirmed, with costs of the County Court and in this court.

Judgment of the County Court reversed, and that of the justice of the peace affirmed, with costs in the County Court and in this court. All concur.