DUNMORE WORSTED CO., Inc., v. BLUMENFELD.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

PLEADING ☞125—ISSUE—DENIAL OF CONCLUSIONS OF LAW.

Where, in an action for goods sold, the complaint alleged a sale and delivery at an agreed price, that such sum had not been paid, and that it was still owing plaintiff, while the answer denied only so much of the complaint as alleged that the sum was still due and owing, the denial was merely a conclusion of law, and raised no issue.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 259, 260; Dec. Dig. ☞125.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by the Dunmore Worsted Company against Jacob Blumenfeld. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Fluegelman & Trosk, of New York City (Henry Fluegelman and Charles Trosk, both of New York City, of counsel), for appellant.

Charles Liebling, of New York City, for respondent.

GUY, J. At the close of the plaintiff's case the complaint was dismissed upon the ground that:

"It is a part of the plaintiff's case to show that the money is due and owing, and to show that action was commenced at a time after it became due and owing, as that is placed in direct issue by the defendant in his pleadings."

In this action the justice of the court below was in error. The complaint alleged a sale and delivery of goods to the defendant at an agreed price and reasonable value of $28.13, and it also alleged that no part of said sum had been paid, and that there was still owing the plaintiff said sum. The answer denied only so much of the complaint "as alleges that there is still due and owing to the plaintiff, by reason thereof, the sum of $28.13." Plaintiff upon the trial proved that no part of the amount claimed had been paid. The denial of defendant raised no issue, it being merely a denial of a conclusion of law. Post Publishing Co. v. Bennett, 164 App. Div. 633–635, 149 N. Y. Supp. 867. The defendant as a separate defense pleaded an unexpired term of credit, but that did not make it incumbent upon the plaintiff to anticipate that defense by proof.

Judgment reversed, new trial ordered, with costs to appellant to abide the event. All concur.